**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW HOPKINS, <br><br> Plaintiff, <br><br> v. <br><br> AUTOWEB, INC., MICHAEL J. FUCHS, MATIAS DE TEZANOS, MARK N. KAPLAN, JARED R. ROWE, JANET M. THOMPSON, and JOSE VARGAS, <br><br> Defendants. | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On July 25, 2022, AutoWeb, Inc. ("AutoWeb" or the "Company") announced that it will be acquired by affiliates of One Planet Group, LLC: Unity AC 1, LLC ("Parent") and Unity AC 2, Inc. ("Purchaser") (the "Proposed Transaction").

2. On July 24, 2022, AutoWeb's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase all of AutoWeb's outstanding common stock for $0.39 in cash per share. The Tender Offer is scheduled to expire on August 30, 2022.

3. On August 3, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Recommendation Statement omits material information with respect to the Proposed Transaction, which renders the Recommendation Statement false and misleading, in violation of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is and has been continuously throughout all times relevant hereto the owner of AutoWeb common stock.

9. Defendant AutoWeb is a Delaware corporation. AutoWeb's common stock trades on the NASDAQ, which is headquartered in New York, NY, under the ticker symbol "AUTO."

10. Defendant Michael J. Fuchs is a director and Chairman of the Board of the Company.

11. Defendant Matias de Tezanos is a director of the Company.

12. Defendant Mark N. Kaplan is a director of the Company.

13. Defendant Jared R. Rowe is a director, Chief Executive Officer, and President of

the Company.

14. Defendant Janet M. Thompson is a director of the Company.

15. Defendant Jose Vargas is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17. AutoWeb provides high-quality consumer leads, clicks, and associated marketing services to automotive dealers and manufacturers throughout the United States.

18. On July 24, 2022, Auto Web's Board caused the Company to enter into the Merger Agreement.

19. The press release announcing the Proposed Transaction provides as follows:

> AutoWeb, Inc. (Nasdaq: AUTO) ("AutoWeb" or the "Company"), an automotive matchmaking platform connecting in-market car shoppers to their preferred vehicle transactions, announced that it has entered into a definitive merger agreement to be acquired by a subsidiary (the "Purchaser") of One Planet Group, LLC ("One Planet Group"), under which the Purchaser will pay a cash purchase price of $0.39 per share of AutoWeb. Payam Zamani, One Planet Group's CEO, will assume the role of President and CEO of AutoWeb, Inc., and Jared Rowe will transition out of the business.
>
> The acquisition, which has been approved by the Company's Board of Directors, based on the recommendation of a Special Committee of the Board consisting of independent, disinterested directors, is structured as a two-step merger, with the first step being a tender offer for all issued and outstanding shares of AutoWeb by the Purchaser and the second step being a merger in which any shares of AutoWeb that were not tendered in the tender offer would be converted into the right to receive the same cash price per share as stockholders who tendered in the tender offer. The factors considered by the Special Committee and the Board are further described in the Current Report on Form 8-K filed by the Company on the date of this release. The parties have agreed to commence the tender offer by August 1, 2022.
>
> The closing of the tender offer and acquisition are subject to customary closing conditions and other terms and conditions detailed in the merger agreement. The merger is expected to close by September 16, 2022.

3

The Company is represented in this transaction by its financial advisor, Houlihan Lokey, and its legal counsel, Gibson Dunn & Crutcher LLP. One Planet Group is represented by its legal counsel, Mayer Brown LLP.

20. Defendants filed the Recommendation Statement with the SEC in connection with the Proposed Transaction, which omits material information.

### Financial Projections

21. The Recommendation Statement omits AutoWeb's financial projections.

22. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Financial Analyses

23. The Recommendation Statement omits material information regarding the financial analyses conducted by Houlihan Lokey Capital, Inc. ("Houlihan Lokey"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. Regarding Houlihan Lokey's Liquidation Analysis, the Recommendation Statement fails to disclose the basis for the assumption that AutoWeb's accounts receivable could be recovered at a rate ranging from 50% to 90%.

### Banker Engagement

25. The Recommendation Statement fails to disclose the timing and details of any prior services Houlihan Lokey provided for the parties to the Merger Agreement and/or their affiliates, as well as the fees Houlihan Lokey has received or will receive in connection therewith.

Background of the Proposed Transaction

26. The Recommendation Statement fails to disclose whether AutoWeb signed any NDAs containing don't ask, don't waive provisions.

**COUNT I**

**(Claim for Violation of Section 14(e) of the Exchange Act Against Defendants)**

27. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available.

34. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

35. By reason of the foregoing, defendants violated Section 14(e) of the Exchange Act.

36. Because of the false and misleading statements in the Recommendation Statement, plaintiff is threatened with irreparable harm.

37. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the Exchange Act Against Defendants)**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

41. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

42. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

43. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

44. Plaintiff has no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants)

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of AutoWeb within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of AutoWeb and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

49. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

52. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 10, 2022

**GRABAR LAW OFFICE**

By: /s/ Joshua H. Grabar
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*